1. **Criminal law ⬉696(3)—Failure to instruct jury to disregard testimony in vagrancy case that "defendant looked like he was stooling for bootleggers" held erroneous.**

In prosecution for vagrancy, wherein witness was asked to state whether he knew anything of defendant's working on or about a certain date, court's failure to instruct the jury to disregard the answer that "he looked like he was stooling for the bootleggers," as not responsive and as a conclusion of the witness, *held* erroneous.

2. **Vagrancy ⬉4—Evidence held not to call for instruction that defendant should be acquitted, if he was temporarily out of work.**

In prosecution for vagrancy, evidence *held* not to call for an instruction that defendant should be acquitted, if he was temporarily out of employment.

Appeal from Somervell County Court; J. H. Adams, Judge.

Ed Woods was convicted of vagrancy, and he appeals. Reversed and remanded.

E. T. Adams, of Dallas, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for vagrancy; punishment, a fine of $60.

The testimony for the state seems to establish that appellant was an able-bodied person who had done no work for a year, and, according to the testimony of the sheriff, none for two or three years. Witnesses also testified that he was without visible means of support. Appellant did not take the stand, and the only witness introduced by him testified that he knew of the defendant working up until about a year ago, and that he had gone out to work for some man subsequent to that.

[1, 2] Appellant complains of the court's refusal of his motion to quash the complaint, which complaint seems to us to follow the statute and to sufficiently charge the offense. There is also complaint by a bill of exceptions that a witness who was asked to state what, if anything, he knew of appellant working on or about July 11, 1927, which question was answered by the statement that "he looked like he was stooling for the bootleggers." This was excepted to on the ground that it was a conclusion of the witness, was not responsive to the question asked, was highly prejudicial to the rights of the defendant, and tended to inflame the minds of the jury against him. Appellant asked that the jury be instructed to disregard said answer, but the court refused to give such instruction. It appears manifest that the answer was not responsive to the question, and that it was the statement of a conclusion and not of a fact. It also appears to us that it was very likely to have affected the jury's decision in this case. They did not give appellant the lowest penalty, but gave him what might be considered a heavy fine for the offense charged. We are of opinion that the answer was erroneous and not responsive, and that it was a conclusion, and the objection should have been sustained, and that the failure of the court to instruct the jury not to consider it was erroneous. Appellant did not take the stand in this case, nor do we think the facts sufficiently called for an instruction that, if he was temporarily out of employment, he should be acquitted.

For the error mentioned, the judgment will be reversed, and the cause remanded.

## BLACKMON v. STATE. (No. 11423.)

Court of Criminal Appeals of Texas. March 7, 1928.

**Intoxicating liquors ⬉236(20)—Evidence held to sustain conviction of transporting intoxicating liquor.**

Evidence *held* sufficient to sustain conviction of transporting intoxicating liquor.

Commissioners' Decision.

Appeal from District Court, Dawson County; Gordon B. McGuire, Judge.

E. A. Blackmon was convicted of transporting intoxicating liquor, and he appeals. Affirmed.

C. P. Rogers, of Lamesa, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

The record contains no bills of exception.

The state proved facts as follows: Appellant was seen by officers at the residence of Mr. Holcomb. He came out of the house with something in his hand that looked like a quart bottle of whisky, placed it under the back seat of a car, and drove the car to town. The officers followed appellant, he being at all times within their view. Upon reaching town appellant parked his car, and the officers parked near him. Appellant got out of the car and went into a building. In the meantime the officers watched the car. No one had been in the car except appellant. When appellant returned to the car Homer West came with him. The officers stated to the parties that they desired to search the car. West replied that it was his car and

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that there was nothing in it. Upon searching the car with West's permission, the officers found a quart bottle of whisky under the back seat.

Appellant testified that he purchased the whisky from Stoner Hinch; that Hinch placed the whisky in the car after it had been parked by appellant; that he (appellant) did not move the car after the whisky had been placed in it. Several of appellant's witnesses testified that they had seen some one in the car shortly before the car was searched and that such person was not appellant.

Testifying in rebuttal for the state, Hinch denied that he had sold appellant any whisky and denied that he had placed any whisky in the car.

The jury resolved the issues against appellant, and the evidence was amply sufficient to support their verdict and the judgment rendered thereon.

There being no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.